IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-215-BO

| | |
|---|---|
| RIVERCLIFF PROPERTIES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CERTAIN INTEREST UNDERWRITERS ) | |
| AT LLOYDS LONDON SUBSCRIBING ) | |
| TO CERTIFICATE AVAC084293, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on plaintiff's motion for entry of a temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendant Rivercliff Road NC Trust filed a written response to the motion. A hearing was held on the matter before the undersigned on May 11, 2016, at Raleigh, North Carolina and the court heard argument from all parties present.[1] For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed this action in Cumberland County Superior Court alleging claims for breach of insurance contract, breach of duty of good faith and fair dealing, unfair and deceptive trade practices, and punitive damages. [DE 1-1]. Plaintiff builds, markets, and sells new homes in the Fayetteville area. The specific homes at issue are located at 2764, 2776, and 2783 Rivercliff Road. Plaintiff executed a promissory note in favor of Rivercliff Road NC Trust

---

[1] Only defendants White and Lail were not present at the hearing. As noted below, however, the Court finds these to be nominal parties.

(Rivercliff Trust) with the 2764 and 2783 homes as collateral. The note was due in full May 1, 2015. Plaintiff contends that Rivercliff Trust also holds the note for the 2776 property. Lloyd's London issued commercial property and commercial general liability insurance on the 2764 and 2783 properties. The property at 2764 is insured for $480,000 and the property at 2783 is insured for $470,000. On April 21, 2015, three homes owned by plaintiff burned sufficiently that the City of Fayetteville ordered them demolished – two of the properties that burned were the subject of this suit, located at 2764 and 2783 Rivercliff Road. The 2776 property did not burn.

Plaintiff sought entry of a temporary restraining order (TRO) and preliminary injunction to enjoin defendant Rivercliff Road NC Trust from moving forward with foreclosure proceedings against, transferring, or selling 2764 Rivercliff Road, 2783 Rivercliff Road, and 2776 Rivercliff Road. On March 29, 2016, Superior Court Judge Robert Frank Floyd, Jr. entered plaintiff's TRO, setting it to expire at the close of business on April 4, 2016, unless extended by the court or the parties. Superior Court Judge Gale Adams entered a consent order extending the TRO until May 2, 2016, or pending further order of the court.

On April 29, 2016, the Lloyd's London defendants and Rivercliff Trust removed the action to this Court pursuant to its diversity jurisdiction. 28 U.S.C. §§ 1441; 1332. Plaintiff thereafter filed the instant motion for temporary restraining order and preliminary injunction, to which Rivercliff Trust has responded.

DISCUSSION

I.   SUBJECT MATTER JURISDICTION

At the hearing before the undersigned, plaintiff raised for the first time a challenge to this Court's subject matter jurisdiction over this action. Specifically, plaintiff argued that it and

2

defendants Francis White and Rick Lail are citizens of North Carolina and that White and Lail are necessary parties and their citizenship thus defeats diversity.[2] Plaintiff's complaint states that White and Lail, the substitute trustees, have been named solely because the action seeks to enjoin foreclosure proceedings wherein the substitute trustees have been appointed by the beneficiaries of the subject deeds of trust. [DE 1-1]. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). The "key inquiry" in determining whether a party is nominal is "whether the suit can be resolved without affecting the [] nominal defendant in any reasonably foreseeable way." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013).

Here, defendants White and Lail would not be affected in any foreseeable way by a resolution of plaintiff's complaint for breach of contract, breach of duty of good faith and fair dealing, and unfair and deceptive trade practices. While they may be necessary parties to any foreclosure action, they appear in this pleading solely because of their status as substitute trustees. The Court holds that in this instance White and Lail are nominal parties to this action and their citizenship may be ignored for diversity jurisdiction purposes. *See also Mansfield v. Vanderbilt Mortg. and Fin., Inc.*, 29 F. Supp. 3d 645, 651 (E.D.N.C. 2014) (holding that substitute trustees against whom no factual allegations are made in the complaint are nominal parties).

---

[2] Plaintiff further suggests that *Burford* abstention may be appropriate, but the Court does not find there to be any difficult questions of state law bearing on policy problems or that this Court's review of the questions in this case would be disruptive of any state efforts. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989).

3

Because the Court may properly disregard the citizenship of the substitute trustees, complete diversity exists between plaintiff and defendants and the Court has diversity jurisdiction over this matter.

II. TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION

Whether considering a request for temporary restraining order or a motion for preliminary injunction, a movant must establish *each* of four elements before such relief may issue: 1) he is likely to succeed on the merits, 2) he is likely to suffer irreparable harm in the absence of preliminary relief, 3) the balance of equities tips in his favor, and 4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A temporary restraining order is a similar remedy to a preliminary injunction. The difference is that "a preliminary injunction preserves the status quo pending a final trial on the merits, [while] a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). A temporary restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, *Federal Practice and Procedure* § 2951.

Plaintiff has not demonstrated that it is entitled to a temporary restraining order or a preliminary injunction because it has not established that it is likely to suffer irreparable harm. Plaintiff's breach of contract and breach of duty of good faith and fair dealing claims rest on plaintiff's allegation that Rivercliff Trust failed to seek amounts owed to it by the Lloyd's London defendants and instead sought to foreclose on the subject properties. At the hearing before the undersigned, defendants confirmed that the insurance proceeds for the subject properties at 2764 and 2783 Rivercliff Road were provided on April 28, 2016, to Rivercliff

Trust. [DE 18]. Thus, no irreparable harm can arise based on plaintiff's claim that Rivercliff Trust had a duty to seek insurance proceeds prior to enforcing any right to foreclose.

In regard to the 2776 Rivercliff Road property, Rivercliff Trust contends that it is not the holder of the 2776 deed of trust and is therefore not the proper party to restrain or enjoin from foreclosure proceedings. *See* [DE 18-2]. Additionally, plaintiff's argument concerning the 2776 property is that Rivercliff Trust is aware that its failure to mitigate damages in regard to the 2764 and 2783 properties was and is causing severe economic/financial distress to plaintiff by ruining plaintiff's ability to refinance the 2776 property. As noted above, Rivercliff Trust is now in possession of the insurance proceeds on the 2764 and 2783 properties and any mitigation allegedly required has been accomplished. Moreover, though it reserves the right to seek equitable relief, plaintiff's complaint seeks monetary damages from Lloyd's London and Rivercliff Trust. "Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." *Hughes Network Sys., Inc. v. InterDigital Commun. Corp.*, 17 F.3d 691, 694 (4th Cir. 1994).

At bottom, plaintiff's complaint and request for injunctive relief concern Rivercliff Trust's failure to seek insurance proceeds as a first step, and do not contest either the validity of the Clerk of Superior Court's foreclosure orders or the right of the note holder to foreclose on the subject properties. Because the insurance proceeds have now been paid to the mortgagee, the Court finds no basis upon which to issue temporary or preliminary injunctive relief in this matter. The record now before the Court simply does not demonstrate that this is one of the "limited circumstances which demands" the grant of such extraordinary interim relief. *Steakhouse, Inc. v. City of Raleigh*, 166 F.3d 634, 637 (4th Cir. 1999).

5

## CONCLUSION

The motion for temporary restraining order and preliminary injunction [DE 13] is DENIED. The consent motions for extension of time to answer the complaint [DE 16 & 19] are GRANTED. The Lloyd's London and Rivercliff Trust defendants shall have through and including June 7, 2016, to answer or otherwise respond to plaintiff's complaint.

SO ORDERED, this _17_ day of May, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE