IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-215-BO

| | |
|---|---|
| RIVERCLIFF PROPERTIES, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CERTAIN INTEREST UNDERWRITERS ) <br> AT LLOYDS LONDON SUBSCRIBING ) <br> TO CERTIFICATE AVAC084293, *et al.*, ) <br> ) <br> Defendants. ) | O R D E R |

This cause comes before the Court on motions to dismiss filed by defendants. Also before the Court is an agreed motion by the Lloyd's London defendants and plaintiff to strike pargraph twenty-two of plaintiff's verified complaint. The appropriate responses and replied have been filed and the matters are ripe for ruling. For the reasons discussed below, the motions to dismiss and agreed motion to strike are granted.

## BACKGROUND

Plaintiff filed this action in Cumberland County Superior Court alleging claims for breach of insurance contract, breach of duty of good faith and fair dealing, unfair and deceptive trade practices, and punitive damages. [DE 1-1]. Plaintiff builds, markets, and sells new homes in the Fayetteville area. The specific homes at issue are located at 2764, 2776, and 2783 Rivercliff Road. Plaintiff executed a promissory note in favor of Rivercliff Road NC Trust (Rivercliff Trust) with the 2764 and 2783 homes as collateral. The note was due in full May 1,

2015. Plaintiff alleges that Rivercliff Trust also holds the note for the 2776 property. Lloyd's London issued commercial property and commercial general liability insurance on the 2764 and 2783 properties. The property at 2764 is insured for $480,000 and the property at 2783 is insured for $470,000. On April 21, 2015, three homes owned by plaintiff burned sufficiently that the City of Fayetteville ordered them demolished – two of the properties that burned were the subject of this suit, located at 2764 and 2783 Rivercliff Road. The 2776 property did not burn.

After plaintiff sought entry of a temporary restraining order (TRO) and preliminary injunction to enjoin defendant Rivercliff Trust from moving forward with foreclosure proceedings against, transferring, or selling 2764 Rivercliff Road, 2783 Rivercliff Road, and 2776 Rivercliff Road properties in state court, this action was removed to this Court based on its diversity jurisdiction. [DE 1]. Following a hearing before the undersigned at which counsel for all parties appeared, the Court denied plaintiff's request for emergency and preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. [DE 26]. The instant motions followed.

## DISCUSSION

Defendants move to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the

2

pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

I.  MOTION TO DISMISS BY LLOYD'S LONDON DEFENDANTS

The Lloyd's London defendants, Certain Interested Underwriters at Lloyd's London Subscribing to Certificate Number AVAC084293 and Certain Interested Underwriters at Lloyd's London Subscribing to Certificate Number TMILVAC116757, have moved to dismiss plaintiff's unfair and deceptive trade practice and punitive damage claims for failure to state a claim upon

3

which relief can be granted. Fed. R. Civ. P. 12(b)(6). At bottom, the Lloyd's London defendants contend that plaintiff is attempting recast its breach of contract claim as a tort case in order to access treble and punitive damages. The Court agrees.

"To prevail on a claim of unfair and deceptive trade practices, a plaintiff must show: (1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 252 (1998). A trade practice is unfair if it is immoral, unethical, oppressive, or substantially injurious. *Id.* (citation omitted). A trade practice is deceptive when it has "the tendency or capacity to mislead, or create the likelihood of deception. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 903 (4th Cir. 1996) (alterations and citation omitted). Only where a breach of contract claim is "surrounded by substantial aggravating circumstances" will it support an unfair and deceptive trade practice claim. *Griffith v. Glen Wood Co., Inc.*, 184 N.C. App. 206, 217 (2007). "North Carolina courts are extremely hesitant to allow plaintiffs to attempt to manufacture a tort action and allege UDTP out of facts that are properly alleged as a breach of contract claim." *Jones v. Harrelson & Smith Contractors, LLC*, 194 N.C. App. 203, 229 (2008) *aff'd*, 363 N.C. 371 (2009).

Plaintiff alleges that the Lloyd's London defendants' refusal to pay insurance proceeds was an unfair and deceptive trade practice in violation of N.C. Gen. Stat. § 75-1.1. In support of this claim, plaintiff makes bare assertions that the Lloyd's London defendants have acted in bad faith by refusing to pay the insurance proceeds due. Nothing in plaintiff's complaint would support a plausible finding that the Lloyd's London defendants acted in an immoral, unethical, oppressive, or substantially injurious manner, or that the Lloyd's London defendants acted deceptively.

4

Case 5:16-cv-00215-BO   Document 35   Filed 10/11/16   Page 4 of 10

Plaintiff argues in response to the instant motion that their unfair and deceptive trade practice claim is based on N.C. Gen. Stat. § 58-63-15, which governs unfair and deceptive acts or practices in insurance. However, plaintiff alleges no such claim in its complaint.[1] Section 58-63-15(11)(f) provides that failing to attempt in good faith to effectuate prompt and fair settlement of claims in which liability has become reasonably clear is an unfair claim settlement practice by an insurer. N.C.Gen. Stat. § 58-63-15(11)(f). "In North Carolina, a violation of section 58–63–15(11)(f) of the IUTPA constitutes an unfair or deceptive trade practice under the UDTPA—as a matter of law—because such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers." *ABT Bldg. Prod. Corp. v. Nat'l Union Fire Ins. Co. Of Pittsburgh*, 472 F.3d 99, 123 (4th Cir. 2006) (internal quotation marks omitted) (quoting *Gray v. N. Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 71 (2000)).

Plaintiff alleges that the Lloyd's London defendants, after receiving notice of the loss and damage, have denied liability or responsibility for any part of the loss and have absolutely refused to pay plaintiff and defendant Rivercliff Lending Trust. Plaintiff alleges that the Lloyd's London defendants have alleged that Robert Gore, Jr., the owner and operator of plaintiff, intentionally burned the subject properties despite having no evidence to support such an allegation. Plaintiff further alleges that the Lloyd's London defendants have provided no basis in law or fact as to why they have not paid the insurance proceeds and that said refusal to pay is in bad faith.

Plaintiff has not alleged that liability in this matter has become reasonably clear, or that after liability became reasonably clear the Lloyd's London defendants in bad faith refused to promptly settle plaintiff's claim. Allegations which simply reflect that an insurer has failed to

---

[1] As plaintiff recognizes, a direct claim under § 58-63-15(11) may only be brought by the Commissioner of Insurance.

5

pay a claim coupled with the bare allegation that doing so was in bad faith are simply insufficient to allege that the insurer's action was a *per se* unfair or deceptive trade practice. Plaintiff's unfair and deceptive trade practices claim is properly dismissed.

Plaintiff's punitive damages claim is also dismissed. Punitive damages are proper where a defendant is liable for compensatory damages and there is a finding by clear and convincing evidence that the defendant acted with fraud, malice, or willful and wanton conduct. N.C. Gen. Stat. § 1D-15. "Whether the facts stated in the pleadings are sufficient to bring the case within the rule allowing punitive damages is a question of law." *Di Frega v. Pugliese*, 164 N.C. App. 499, 508 (2004). "A punitive damages claim is not technically an independent cause of action, but is instead dependent upon an award of compensatory damages on one of a plaintiff's other claims." *Taylor v. Bettis*, 976 F. Supp. 2d 721, 747 (E.D.N.C. 2013).

Punitive damages may not be awarded solely for breach of contract. N.C.Gen. Stat. § 1D-15(d). Because the Court has found dismissal of plaintiff's unfair and deceptive trade practices claim is appropriate, there are no remaining claims against the Lloyd's London defendants which could serve as a basis upon which to award punitive damages. Thus, insofar as it has been alleged as a separate claim for relief, plaintiff's punitive damages claim is dismissed.

II.  AGREED MOTION TO STRIKE

The agreed motion to strike paragraph twenty-two from plaintiff's complaint is ALLOWED. Paragraph twenty-two of plaintiff's verified complaint is hereby STRICKEN. *See Rabon v. Great Sw. Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987).

III.  MOTION TO DISMISS BY RIVERCLIFF ROAD NC TRUST

Defendant Rivercliff Trust moves to dismiss plaintiff's complaint first for lack of subject matter jurisdiction, arguing that the plaintiff's claims against it are not ripe for review. "The

6

doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in 'clean-cut and concrete form.'" *Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006) (quoting *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584 (1947)). The burden of demonstrating that a claim is ripe falls on the party asserting the claim, *id.*, and in order to determine whether a claim is ripe a court must "balance the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) (internal quotations and citations omitted). A claim that is ripe is not dependent on future uncertainties. *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992), *as amended* (Nov. 2, 1992).

Plaintiff alleges claims for breach of the duty of good faith and fair dealing, unfair and deceptive trade practices, and punitive damages against Rivercliff Trust. Plaintiff's specific allegations against Rivercliff Trust are that Rivercliff Trust has failed to seek insurance proceeds from the Lloyd's London defendants, that upon information and belief Rivercliff Trust intends to foreclose on and sell the 2764 and 2783 properties for below the amount of indebtedness and then seek a deficiency judgment against plaintiff, and that Rivercliff Trust's failure to seek the amounts owed by the Lloyd's London defendant has been in bad faith and for personal gain.

Much of plaintiff's case against Rivercliff Trust is dependent upon Rivercliff Trust's intention to pursue foreclosure sale on the subject properties and seek a deficiency judgment. Certainly whether Rivercliff Trust will at some point seek a deficiency judgment against plaintiff is fully dependent on future uncertainties and does not provide a basis for a claim that is ripe for review by this Court.

However, even if plaintiff has sufficiently based its claims on harm already incurred, plaintiff has simply failed to state a claim against defendant Rivercliff Trust. In response to the

Rule 12(b)(6) motion, plaintiff in essence only argues that it has stated a claim for breach of the duty of good faith and fair dealing, and the Court thus begins its analysis there.

"In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." *Bicycle Transit Auth., Inc. v. Bell*, 314 N.C. 219, 228 (1985) (internal quotation and citation omitted). Plaintiff has not alleged how Rivercliff Trust's election between lawful remedies in this instance would be sufficient to support a claim of bad faith or failure deal fairly. *See, e.g., Triangle Park Chiropractic v. Battaglia*, 139 N.C. App. 201, 204 (2000) (doctrine of election of remedies "prevents more than one redress for a single wrong" but does not apply to prevent "co-existing and consistent remedies.") (citations omitted); *see also Tech Land Dev., Inc. v. S. Carolina Ins. Co.*, 57 N.C. App. 566, 569 (1982) ("When insured property is damaged *prior* to foreclosure, courts allow the purchasing mortgagee to retain under the mortgage clause those [insurance] proceeds amounting to any deficiency after foreclosure. The mortgagor recovers the remainder of the [insurance] proceeds.") (emphasis in original); *State Farm Fire & Cas. Co. v. Bass*, No. 88-725-CIV-5, 1990 WL 15279, at *1 (E.D.N.C. Jan. 2, 1990) (settled law in North Carolina that mortgagee which forecloses on damaged property and successfully bids full amount of remaining debt at foreclosure sale loses any claim to insurance proceeds paid as result of damage).

Plaintiff's reliance on *Robinson v. Deutsche Bank Nat. Trust Co.*, No. 5:12-CV-590-F, 2013 WL 1452933, at *12 (E.D.N.C. Apr. 9, 2013), is misplaced. The *Robinson* court held that the election to pursue foreclosure may amount to commercially unreasonable behavior which constitutes a breach of the implied duty of good faith and fair dealing. In *Robinson*, however, plaintiff specifically alleged that prior to pursuing foreclosure defendants provided her with false

8

information, told her that no foreclosure was scheduled, and then told her that no foreclosure sale would take place while her application was pending but proceeded sell the property prior to taking action on her application. *Id.* There, the behavior of the defendants altered the expectations of the parties such that defendant was required act in a commercially reasonable manner in relation to those expectations. *Id.* Here, there is no allegation that Rivercliff Trust engaged in any behavior which altered the expectations of the parties or provided plaintiff with false or misleading information. Further, as noted above in regard to Rivercliff Trust's ripeness argument, plaintiff's contention that Rivercliff Trust will receive both the insurance proceeds as well as a deficiency judgment rests too heavily on events and alleged injuries which have not yet occurred. Plaintiff has simply failed to state a claim for violation of the duty of good faith and fair dealing by Rivercliff Trust.

Plaintiff has similarly failed to state a claim for unfair and deceptive trade practices against Rivercliff Trust. Although plaintiff has alleged that Rivercliff Trust has acted and may in the future act in bad faith, its allegation amounts to little more than a conclusory statement unadorned by factual support. The complaint as drafted[2] simply fails to identify any immoral, unethical, oppressive, substantially injurious, or deceptive acts by Rivercliff Trust which would state a plausible unfair and deceptive trade practice claim. *First Atl. Mgmt. Corp.*, 131 N.C. App. at 252. Because plaintiff has failed to state a substantive claim for relief against this defendant, its punitive damages claim necessarily fails. *Taylor*, 976 F. Supp. 2d at 747.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss and agreed motion to strike [DE 27 & 29] are GRANTED. Plaintiff's third and fourth claims for relief against the Lloyd's

---

[2] The Court would note that plaintiff has not sought leave to amend its compliant to provide further factual support for its claims.

London defendants are DISMISSED. Plaintiff's complaint against Rivercliff Trust is DISMISSED in its entirety. Remaining for adjudication is plaintiff's breach of contract claim against the Lloyd's London defendants. Plaintiff is DIRECTED to file not later than October 14, 2016, an amended complaint which removes paragraph twenty-two of the original complaint.

SO ORDERED, this __7__ day of October, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE